

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

*see WW-85*

WILL WILSON
ATTORNEY GENERAL

March 18, 1957

Hon. Paul Brashear, Chairman
Military and Veterans'
  Affairs Committee
House of Representatives
Austin, Texas

Opinion No. WW-62

Re: Whether or not H.B. 416,
    as amended, will adverse-
    ly affect the issuance of
    bonds by the Armory Board.

Dear Mr. Breshear:

The question presented is whether H.B. 416, as amended by
Committee, will affect the power to issue bonds by the
Texas National Guard Armory Board.

The Armory Board was created by the 44th Legislature, 1935,
General Laws, Chapter 184, and codified by Vernon as Arti-
cle 5890b.

The Act prescribes board membership; mode of qualification
and certification; the means for the expression of its of-
ficial acts; constitutes the board "a body politic and cor-
porate," outlines its duties and powers, including that of
borrowing money, issuing and selling bonds, debentures and
other evidences of indebtedness; and prescribes for manage-
ment and disposition of property acquired by the Board.

Insofar as pertinent, H.B. 416, as proposed, would work
certain changes in Section 1 of Article 5890b. They fol-
low in resume:

      (a) The board remains the same numerically but its
personnel is to be changed as vacancies occur in the current
membership.

      (b) The current statute provides for a six-year
membership term, while H.B. 416 contains no specific term
of years.

      (c) Article 5890b provides for an oath of office;
H.B. 416 does not.

Article XVI, Sections 30 and 30a, Constitution of Texas,
place restrictions on terms of state offices. Section 30

Hon. Paul Brashear - page 2 (WW-62)


provides that the duration of all offices not fixed by the
Constitution shall never exceed two years and excepts the
Railroad Commission.  Section 30a specifies a six-year
term for named board members and a like term for "such
boards as have been, or may hereafter be, established by
law . . ."

Generally, public offices may be classified as those civil
and military.  42 Am.Jur., Public Officers, Sec. 17.  The
Supreme Court of Texas in <u>Texas Nat. Guard Armory Board v.
McCraw</u>, 132 Tex. 613, 126 S.W. 2d 627 (1939), held that
membership on the Texas National Guard Armory Board was a
military office and, therefore, the constitutional provi-
sions (Article 16, Sections 30, 30-2) are not applicable;
consequently, the fact that H.B. 416 imposes no fixed year-
terms on board membership has no bearing on the validity of
the organization of the Board and its power to function.
See also <u>Ex parte Archie Dailey</u>, 93 Tex. Cr. R. 68, 246 S.W.
91 (1922) 26 ALR 138.

The reasoning of the Court in the McCraw and Dailey cases,
supra, excludes the necessity of the prospective members
of said Board from taking the usual constitutional oath of
office (required by Article XVI, Section 1), since that of-
fice is military and not civil by nature and therefore with-
out the purview of said constitutional proviso.

The other changes affected by H.B. 416 are minor and incon-
sequential insofar as they might have any possible bearing
on the Board's bond issuing powers.

SUMMARY

H.B. 416, as proposed, will not adversely
affect the issuance of bonds by the Texas
National Guard Armory Board.


Very truly yours,

WILL WILSON
Attorney General

By Grundy Williams
Grundy Williams
Assistant

GW-s
APPROVED:
  OPINION COMMITTEE

  H. Grady Chandler, Chairman